Good morning, Your Honors. Andrea St. Julian on behalf of the defendant and appellant Elizabeth Duranty-Moore and Ms. Moore is present with us today. And I'd also like to reserve two minutes for rebuttal. Ms. Moore's supervised release was revoked based on a supervision condition that was not only vague, it was extremely misleading. In September 2012, Ms. Moore's probation officer sent her an email that said, moving forward, Ms. Moore would have to provide copies of checks as proof of your earnings. Those are the officer's exact words. But the form that was provided for your client to fill out gave different instructions, right? And she had been using that form before? She had been using that form. That form, though, did not instruct her to provide copies of checks. That was a supplemental condition issued by the probation officer in an email on September 9th of 2012. But I'm saying the condition that was imposed by the judge related to disclosed financial information as directed by the probation officer, the probation officer then provided a form to your client that I can't remember the exact language, but it was basically tell me all money coming in and all money going out, basically? And if I may, Your Honor, but the language is very, the specific language is very important. What does it say? That form says absolutely nothing about providing copies of checks. And that's what she was violated on. And that's, I think, maybe where we are. But she did not disclose that she had taken in this money because, in her view, it wasn't income to her, because it just was immediately paid out to, I think, was it remitted to her boss? Was that what happened? Exactly. Well, there were three checks. Two of the checks were, she cashed the checks for her boss. He was a lawyer, and they were for fees and costs from two of his cases. The checks were made out to her. Well, one of the checks had been mistakenly made out to her by a client. The other was not. The other was made out to her attorney, but her attorney wanted her to cash it for him. But she negotiated them. Yes. In any event. Yes, to get the checks. But, Your Honor, she was not violated for not just generally disclosing these sums. She was specifically violated for not providing copies of the checks. Did she disclose the sums, but just not the checks? No, no, no. She did not. No, no. She did not disclose the sums, but she wasn't violated for not disclosing the sums. And those sums were not, you see, and that's my point, Your Honor. She was only violated for not providing copies of those three checks. But isn't that a way of verifying what the amounts were? How else would the amounts that were at issue be verified if the checks weren't disclosed? Well, again, that had not been a condition before. Well, she violated her probation earlier in 2011, right? Her supervised release. Her supervised release. Yes. I'm sorry. And the same condition was imposed at that time, and there was no objection to it, correct? The same condition basically to provide truthful and complete information about her net income and about her earnings from employment and other cash inflows and so on. So she's been under that condition for a long time. And I think it's just, it seems odd to me that all of a sudden it seems unclear to her what is required. She couldn't open new checking accounts or lines of credit without approval. She had to disclose her financial records and so on and so forth. So because she is what I would refer to, I guess, as a serial fraudster, this seems like a perfectly reasonable condition, and it's one that she's been under for a long time. So I'm having trouble with the notion that she wasn't on notice of what was required of her. And again, Your Honor, I would simply direct the court to focus on what the particular violation is for. The particular violation in this court and the only basis for the violation of the court, the only one that the government argued, moved forward on, was the failure to provide the copies of three checks. That was it. And that had not become a provision, that had not been required by her probation officer until the September 9, 2012 email that said from this moment moving forward you are to provide copies of checks as proof of your earnings. Now, there is the standard and common definition of earnings are wages resulting from labor. There is no common person would understand that cashing a check for your boss, you've got to submit that as earnings. That wasn't an earning. She had to do complete disclosure of her personal and business financial records as requested. Exactly, as requested. But complete business and personal records is way more than earnings from labor. But she wasn't required to submit checks. Again, this is about the provision of copies of checks. But if it's requested, then it's included within that language. Exactly, Your Honor. But the only checks that were requested, if you look at the specific language of the email from September 9, are checks from her earnings. And that is the whole point. These were not earnings. And also when you're talking about her business records, these were, this was her boss' business. And again, I'd like to also talk about the occupational limitations that were completely inappropriate in this case as well. I'm a little confused about those. Which ones are you saying are occupational restrictions? And if I can just address those directly, this is the key problem. Well, first could you tell me exactly which ones you are making the argument about? Because it was unclear which of the restrictions you viewed as being occupational restrictions. Did you view all of them as being occupational restrictions? All of the ones that I have listed in my brief, they were standard condition 1, standard condition 13, special condition 3, special condition 10, special condition 13, special condition 2, 4, 7, and 7 as well. And I do have those listed specifically in my opening brief. Well, isn't this a case in which the earlier and less restrictive conditions turned out to be insufficient and ineffective to prevent continuing problems? And each of the conditions seemed to me at least to relate to the underlying fraudulent conduct. Your Honor, these are occupational limitations. Right. And they have to relate to protecting the public from a person who is willing to make false statements more than once. Right. Which was making a false statement. Exactly. Making a false statement in a passport application.  And why, you know, the public, it seems to me appropriate, I'm speaking only for myself, to try to protect the public from when earlier conditions were insufficient to keep her on the straight and narrow. But, Your Honor, that's way too broad. That is not, an occupational limitation cannot be imposed simply to keep the defendant on the straight and narrow in all capacities. It's got to be, an occupational limitation has got to be based solely on the office of conviction. She and a family friend, a family friend agreed to help her out as a result of Ms. Durante Moore being harassed and stalked. And she wanted to get a passport in a different name so that she could get a house in someone else's name and so the stalker would not locate her and her husband. So this family friend agreed to go with her to the post office or wherever and allowed her and signed for her to get a passport application. Ms. Durante Moore never did anything illegal with that passport. She never defrauded the family friend, Andrea Brown. Andrea was well aware what was going on, participated and agreed and it was fine with her. She was trying to help her friend out. And again, Ms. Durante Moore didn't do anything illegal with that passport. Again, I think, Your Honor, the argument to the contrary is so broad that, well, any wrongdoing on behalf that a defendant does, it's because the condition to protect the public from that wrongdoing is appropriate. That is not the case with respect to occupational limitations. And that is because they are so, occupational limitations, especially the ones as broad and comprehensive as those in this case, are incredibly crippling to a defendant. Counsel, you've exceeded your time, but you may have a minute for rebuttal when the time comes. Good morning. May it please the court. Joshua Miller on behalf of the United States. Appellate counsel just mentioned that the reason why Ms. Durante Moore's supervised release was revoked was because she failed to provide checks. That's just not the case. Her supervised release was revoked because she failed to provide truthful and complete monthly reports. It wasn't just that she didn't provide some checks. I think there needs to be some context. So back in September of 2012, the defendant was providing her report and just said, see bank statement. She didn't provide bank statements for September, October, November. There were some email exchanges where, because the defendant wasn't explaining why certain checks were being deposited. Because she was supposed to be paid like a payroll from her boss. She's depositing checks and she's not explaining where she's getting these checks for from what the purpose of those checks were. And so the probation officer in the emails had followed up with the defendant and said, you need to provide copies of all checks. So the probation officer can verify her earnings, can verify her income. Not that the defendant gets to choose which checks are income and which checks are not income. Wasn't that wasn't the request. It was a request to provide a copy. Tell me where you're the email that you're talking about is where because I'd like to just look at the exact language. I'm looking at an email that refers to providing verification. But it's it's related to. But you are one thirty three. The one you're talking about this is provide copies of checks. That's the one I think one thirty one thirty three. Yeah. So in ER one thirty three it's you need to provide copies of the checks prior to depositing them as proof of your ink of your earnings. That's OK. That's what I was remembering. Defense counsel is saying that there is also another email where it's just earnings and she is saying I obviously didn't regard these particular checks as money that I was. I wasn't even getting to keep the money. I was just doing it as a service for my boss. Right. Well it's not that she the probation officer wanted to provide copies of checks. So the probation officer could verify her earnings. Not that the defendant could pick and choose. Well this one's not earnings to me. This one's not earnings. This one is earnings. And I would point out that the defendant as the district court had noted made a credibility determination. So in appellate counsel is reciting reciting facts as that they're uncontested. These facts were very much contested. There was a contested OSC hearing. The district court determined that the defendant was unreliable untrustworthy and one of the most dishonest people he'd ever met. Did the district court make a factual determination that her belief that these checks were earnings was unbelievable. He had actually made a determination that her entire basis for her belief that she only had to provide copies of checks and income as income was completely unreliable and was dishonest. And when you compare that to the probation officer who in addition to the e-mails had testified that she instructed the defendant to provide copies of all checks prior to depositing them and that she was required to provide copies of all checks that she cashed or deposited and provide copies of her bank statements for the period ending that month. So when you look at the record not only are the e-mails which I think the defendant can't just decide well it's not earnings to me so I'm not going to provide copies. How would the probation officer know what's earnings and what is not earnings if the defendant gets to pick and choose which checks she gets to provide. So I think when you look at her credibility and also how would the probation officer monitor her financial situation if the defendant gets to pick and choose which checks she provides based on her subjective belief of what's earnings that's not how a probation officer. Well regardless of the e-mail if the probation officer testified and I think this is on maybe page 50 or thereabouts of the record that she was instructed to provide all checks then that's I guess that's evidence that the district court was entitled to believe over the defendant. And the probation officer and that's ER 56 had testified the defendant was required to make copies of all checks before she cashed or deposited them. Not that just that you need to provide me copies of income or that some other type of checks it was all checks and so based on the record at hand it's also important that why is the defendant depositing checks from an attorney into her personal bank account and not into the client trust account. I mean so it's when you look at the record as a whole why is the defendant doing that and she comes up time and time again with an and the district court noted that those excuses were untrustworthy unreliable and again the defendant was a dishonest person and as the her record in her criminal history states she is a serial fraudster. She impersonates people she takes advantage of people she has financial misdeeds and her conviction in this case again was fraud. Yeah would you would you address directly opposing counsel's assertion that the occupational conditions were over broad in view of the nature of the particular false statement conviction. Do you agree that all of those are occupational restrictions? No so when you're looking at standard condition one that a supervisee is not allowed to leave the district without permission of probation that is not an occupational restriction that is actually a standard condition in order for probation to be able to monitor the supervisee if the supervisee was allowed to leave the district whenever she wanted to for whatever reason doesn't bode well for the probation officer to be able to monitor what the supervisee is doing why she's doing it which then it goes to her limitations on accepting employment again looking at the defendant's history looking at that she made a false statement in the application for a passport she has a history of fraud to and in this particular supervisee supervised release condition where she violated that again she's working for a law firm accepting checks on behalf of the law firm depositing those into her account to say that the probation officer why this was plain error that couldn't require her to get permission from the probation officer prior to accepting any type of employment I think does not obviously rise to the level of plain error there's another condition that she needed to get permission to open accounts again I don't think that's an occupational limitation she'd already been violated for doing the exact same thing it's not where she couldn't open an account she just needs to get permission from probation in order to open an account in fact probation had previously allowed her to open an account and then she again didn't notify probation prior to opening an account again very innocent explanations for why she did certain things but when you look at her history when you look at the credibility determination that what she was doing was fraud and she's completely unreliable untrustworthy and the district court noted a dishonest person which which of the restrictions do you think are occupational other conditions are occupational restrictions in your view there are a number of occupational restrictions one of the occupational restrictions would not to not collect money on behalf of anyone without prior approval of probation and then obviously the not accept certain types of some of the other ones where she needs to provide complete disclosure of personal and business financial records appellate counsel says that that somehow infringes on her to be able to do the work that she needs to do as marketing and that other type of work I'm just not seeing how that would affect her all she has to do is provide complete and again I don't think it's an occupational restriction and there's a number of the other ones that I don't believe were occupational limitations but even if they were considered to be occupational limitations again it wasn't objected to down below so this court's reviewing for plain error and you know one I don't think it's error but if it was it clearly doesn't meet the other prongs of plain error test her conviction was for a very narrow offense and these restrictions are much more limiting than would be called for based on her offense what's your response my response is that it's not that the crime has to be identical that she couldn't work accepting passports or something that was that was identical or that she couldn't accept passport applications on behalf of someone else you look at usv bats which appellate counsel noted in her in her papers it says the public is entitled to be protected against crimes flowing from the same character trait demonstrated by the crime in examining the reasonableness of these conditions is the district court and are we allowed to consider the remainder of criminal history as well as the current crime of conviction because we have crimes of false personation grand theft fraudulent use of a telephone grand theft forgery so forth in the record is that part of the mix or no so so I think it's a part of the mix one the district court is fashioning what are appropriate supervised release conditions again this the district court has it has wide discretion in fashioning what's appropriate based on the history and on several occasions there's a PSR that was was completed and so he's trying to fashion restrictions and in supervised release conditions that are appropriate to protect the public from this particular defendant and deter her from future crimes well that says from reasonably similar crimes correct reasonably similar crimes and I think that her engaging in fraud even when she's on supervised release opening bank accounts when she's not supposed to depositing checks from her employer I think that the and I would submit that the district court can take that into consideration when determining whether to impose more restrictive occupational limitations the district court tried initially to provide very time around was as the district court noted he needed the district court needed to have more control over the defendant and by limiting her to not collect money on someone else's behalf to provide complete disclosure of her financial situation on the in the other conditions does not rise to plain air and the district court was able to take into consideration all that information and the totality of the record to determine these were appropriate in order to protect the public and deter the defendant from similar crimes I'm struggling because it's limited to the crime of conviction not all of the crimes she's ever committed and that's what I'm struggling with because the court didn't really address how closely these conditions were related to the crime of conviction as opposed to kind of a global assessment of how unbelievable and unreliable and fraudulent she had acted and so I'm struggling with whether or not the district court kept within the confines that we've articulated when you look at the crime of conviction and these facts are disputed in the district court found that the defendant was unbelievable in her recitation of the facts but she took advantage of a victim had her sign a power of attorney giving her the authority to go to the and apply for a passport from the passport application from the passport office the defendant claims that the victim did everything and she just gave it to her at the end as the PSR noted originally the defendant opened up a post office box went to the passport office supplied an ID that was in the victim's name got the passport and why she got it or what again I think is irrelevant but that was dishonest and it was fraud and to say that she can't use the attorney in fact when again she's abused that while those are occupational limitations I think it's reasonably similar to the crime of conviction and her supervised release violations to say that those were necessary to protect the public and again does not rise to plain error. Thank you counsel. You may have two minutes for rebuttal. Your Honor I first want to start out by orienting the court as to the basis for the revocation in this case on ER page 86 the government specifically states that it is seeking revocation based on Ms. Durante Moore's failure to provide the three checks that is the sum total of what their argument was that is what they argued below that's what's argued in the briefing and the government cannot now change that here at oral argument. Also I want to address the issue about credibility certainly the district court discussed how much and what it thought of my client and went into great detail about what it thought about here but this case is not about  Ms. Durante Moore, the probation officer testifies and said I never had a discussion with Ms. Durante Moore about the provision of these checks. So we now know that the only basis for Ms. Durante Moore's understanding of what she had to provide in terms of these checks was found in the two earnings. The common standard definition of earnings is wages resulting from labor. And in the second e-mail in October again she said a verification of income. Any objective and income is broader but again you've got to remember that the initial e-mail was earnings. When you look at earnings which was the first understanding she had and then the second e-mail verification of income, again income is broader but still when you look at the definition it's still essentially wages from labor. So that because of the earnings and the income together that set her mind. So this is not about credibility. All the court has to do is look at the e-mails. Thank you both for your arguments in this case. They've been very helpful and the case is submitted and we'll stand adjourned for this morning's session.
judges: Graber, Rawlinson, Watford